# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SEAWARD MARINE SERVICES, INC. | § | PLAINTIFF |
| | § | |
| V. | § | CAUSE NO. 1:08cv587-LG-RHW |
| | § | |
| GRILLOT CONSTRUCTION, LLC, and | § | CROSS-CLAIMANT/CROSS-DEFENDANT |
| | § | |
| BEAU RIVAGE RESORTS, INC. | § | DEFENDANT/CROSS-DEFENDANT/ |
| | § | CROSS-CLAIMANT |

## ORDER GRANTING BEAU RIVAGE'S MOTION TO AMEND
## AND DENYING AS MOOT GRILLOT'S FIRST MOTION TO DISMISS

BEFORE THE COURT are Cross-Claimant Grillot Construction, LLC's Motion to Dismiss Beau Rivage Resorts, Inc.'s Counterclaims of Fraud and Negligent Misrepresentation [97] and Defendant Beau Rivage Resorts, Inc.'s Motion for Leave of Court to File Amended Counterclaim [102]. Grillot filed a cross-claim against Beau Rivage for breach of contract and *quantum meruit* arising from a dispute over debris removal performed during a construction project. Beau Rivage filed a cross-claim against Grillot for misrepresentation, among other things. Grillot argues that the misrepresentation claims should be dismissed because Beau Rivage's cross-claim does not identify the alleged misrepresentations. Beau Rivage asks permission to plead the claims with more specifics. The Court has considered the parties' submissions and the relevant legal authority. Beau Rivage's motion is granted. Grillot's motion is denied as moot.

## FACTS AND PROCEDURAL HISTORY

This dispute arises out of a construction project for Hurricane Katrina repairs to the Beau Rivage's casino barges in Biloxi, Mississippi. Beau Rivage hired Grillot as the general

contractor for the under water repairs to the barges. Grillot subcontracted with Plaintiff Seaward Marine Services, Inc., and others to perform portions of the work. Seaward was to perform, among other things, debris removal. Seaward left the job, claiming it was not being paid for all of the debris removal work. As a result, Seaward sued both Grillot and Beau Rivage. After discovery, Beau Rivage filed a motion for summary judgment claiming that Beau Rivage had paid all the money it owed Grillot under the general contract.

Grillot was then allowed to bring a cross-claim against Beau Rivage alleging that Beau Rivage did not pay Grillot for the debris removal either and Beau Rivage is liable for breach of contract or *quantum meruit*. Discovery was reopened and the motion deadline extended as to the cross-claim. Beau Rivage then filed a cross-claim against Grillot for breach of contract, misrepresentation, and indemnity over the debris removal dispute as well as over other portions of the general contract.

## DISCUSSION

Grillot argues that neither of Beau Rivage's misrepresentation claims is specific enough to meet the pleading requirements of either Rule 9(b) or 12(b)(6), because Grillot does not know which misrepresentations are alleged to have been made. Beau Rivage seeks leave to amend its cross-claim to specifically designate the alleged misrepresentations. Grillot asserts that the amendment is futile because Beau Rivage did not plead and cannot prove damages.

A party may amend its pleadings with the court's leave, and "[t]he Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). According to the Fifth Circuit:

> The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. Thus, unless there is a

2

substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Denial may be justified where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendments, and undue prejudice to the non-movant. *Id.* Judicial economy may also be considered. *Id.* Finally, if the amendment would be futile, it may be denied. *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1027 (5th Cir. 1984). Futility occurs when "the amended [cross-claim] would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

Grillot first challenges the futility of the amendment claiming that Beau Rivage did not plead that it was damaged. Beau Rivage's proposed amendment asserts basically that Grillot misrepresented whether that it had performed certain work and in reliance on those misrepresentations Beau Rivage paid Grillot for work not performed. Therefore, the amendments do allege that Beau Rivage was damaged by the misrepresentations.

Grillot next maintains that the amendment is futile because Beau Rivage will not be able to prove damages. This argument goes to the underlying merits of the claims and not to whether Beau Rivage has stated a claim upon which relief can be granted. At this stage, the Court is required to accept Beau Rivage's allegations as true. *Id.* Whether or not Beau Rivage can ultimately prove this detriment is an issue reserved for either summary judgment or trial. Therefore, the Court finds that Beau Rivage should be allowed to amend its misrepresentation claims.

Because Beau Rivage will be allowed to amend these claims, Grillot's motion to dismiss

is moot.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Cross-Claimant Grillot Construction, LLC's Motion to Dismiss Beau Rivage Resorts, Inc.'s Counterclaims of Fraud and Negligent Misrepresentation [97] should be and is hereby **DENIED AS MOOT.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Beau Rivage Resorts, Inc.'s Motion for Leave of Court to File Amended Counterclaim [102] should be and is hereby **GRANTED.**

**SO ORDERED AND ADJUDGED** this the 20th day of July, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE