# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **SEAWARD MARINE SERVICES, INC.** | § § | **PLAINTIFF** |
| **VS.** | § § | **CAUSE NO. 1:08cv587-LG-RHW** |
| **GRILLOT CONSTRUCTION, LLC, and** | § § § | **CROSS-CLAIMANT/CROSS-DEFENDANT** |
| **BEAU RIVAGE RESORTS, INC.** | § § | **DEFENDANT/CROSS-DEFENDANT/ CROSS-CLAIMANT** |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART BEAU RIVAGE'S THIRD MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is Defendant Beau Rivage Resorts, Inc.'s Motion for Summary Judgment or, in the Alternative, Motion for Partial Summary Judgment of Grillot Construction, LLC's Cross-Claim Against Beau Rivage [152]. Grillot brought breach of contract, *quantum meruit*, and unjust enrichment cross-claims against Beau Rivage for a dispute arising out of a construction project. Beau Rivage argues (1) the *quantum meruit* and unjust enrichment claims fail because there is a contract, (2) it defined debris, (3) Beau Rivage is not liable for per diem rates, and (4) accord and satisfaction bars the breach of contract claims. The Court has considered the parties' submissions and the relevant legal authority. Summary judgment is granted on the *quantum meruit* claim. The remainder is denied.

## FACTS AND PROCEDURAL HISTORY

The Court incorporates by reference the Facts and Procedural History set forth in its prior Opinions. Further, Grillot brought breach of contract, *quantum meruit*, and unjust enrichment claims concerning the debris removal portion of the subject construction project. Grillot was allowed to amend its cross-claim to add a breach of contract claim for retainage under the general

contract. The instant motion concerns Grillot's cross-claims with regard to the debris removal dispute only.

## DISCUSSION

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. To make this determination, the Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit. Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986). "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### QUANTUM MERUIT

Grillot asserts its *quantum meruit* and unjust enrichment claims alternatively, in case the Court holds that the general contract did not provide for the debris removal at issue. Beau Rivage argues the *quantum meruit* claim fails because it was anticipated by the contract and the contract had a change order provision, in any event. Beau Rivage relies on parol evidence to argue that debris removal from the barge tops was included in the Oyster Removal provision of

2

the contract. Grillot responds the work at issue came under the Debris Removal provision or not at all.

"Where there is a contract, parties may not abandon same and resort to quantum meruit." *Redd v. L & A Contracting Co.*, 151 So. 2d 205, 208 (Miss. 1963). If there is a contract, an "award on a quantum meruit basis 'would require a finding that the labor was not anticipated by the contract, and also that there were no provisions of the contract by which payment could be made for unanticipated labor.'" *Sentinel Indus. Contracting Corp. v. Kimmins Indus. Serv. Corp.*, 743 So. 2d 954, 970 (¶49) (Miss. 1999) (quoting *Citizens Nat'l Bank v. L. L. Glascock, Inc.*, 243 So. 2d 67, 70 (Miss. 1971)).

For example, in *Citizens National*, the Mississippi Supreme Court reversed a *quantum meruit* judgment for the removal of old foundations on a construction project. *Citizens National*, 243 So. 2d at 71. "The old foundations were anticipated," because the contract specifically referred to them and provided the "method of procedure upon their being encountered and with the further provision that no separate payment would be made for this labor." *Id.* at 70. Additionally, the court noted that there was a change order provision that stated that "no extra work or change shall be made unless in pursuance of a written order from the owner." *Id.* However, no change order was ever acquired. *Id.* at 71. "The written contract anticipated every contingency upon which this suit was based." *Id.* at 70. "Having contracted directly upon the point, there was no leeway for an award on a quantum meruit basis." *Id.* at 71.

*Sentinel* likewise denied a *quantum meruit* claim. *Sentinel*, 743 So. 2d at 957 (¶1). The court followed *Citizens National*'s rule that *quantum meruit* could exist where there was a contract, but (1) the labor was unanticipated by the contract, and (2) it had no provisions for the

3

payment of unanticipated labor. *Id.* at 970 (¶49). The court held that "Kimmins cannot maintain an action against Exxon for quantum meruit under Mississippi law, because the contracts contained a specific provision regarding payment for unanticipated labor and/or materials." *Id.* This was because the contracts had change order provisions. *Id.* at 963, 965 (¶¶23, 26).

More recently, the Mississippi Supreme Court upheld a *quantum meruit* award based on the rule in *Citizens National*. *Tupelo Redev. Agency v. Gray Corp.*, 972 So. 2d 495, 515 (¶59) (Miss. 2007). That case involved an oral subcontract to perform certain electrical work on a construction project. *Id.* at 500 (¶3). After beginning the work, subcontractor Ronald Ragland, Sr., noticed that the electrical plans and specifications were wrong. *Id.* He then had to perform extra work that was outside of the subcontract. *Id.* at 501 (¶3). Because the extra work was not in the subcontract, and because it "also did not contain a provision through which Ragland could request compensation for extra work not anticipated by the contract," the "only form of recovery is based on *quantum meruit*." *Id.* at 515 (¶59).

For this claim, the Court need not consider whether the work at issue (debris removal from the barge tops) came under the Oyster or Debris Removal provisions of the contract. The contract either expressly provided for this work or it did not. If it did, the *quantum meruit* claim would fail under the first prong of the *Citizens National* test; i.e., it would be labor anticipated by the contract. If it did not, the *quantum meruit* claim fails on the second part of the test. This is because it is undisputed that the contract had a change order provision which reads:

> 13.1. [Beau Rivage], without invalidating the Agreement, may order changes in the Work consisting of additions, deletions or modifications. Such changes in the Work shall only be authorized by written Change Order signed by [Beau Rivage] and [Grillot].

> 13.2 [Grillot] must notify [Beau Rivage] within twenty-four (24) hours of any event or occurrence that [Grillot] believes would cause a change in the Contract Sum or Contract Time. Within forty-eight (48) hours of such initial notification, [Grillot] shall provide complete substantiation in the form of a detailed description of the Work, costs for labor, materials, equipment, General Conditions, Fee and schedule impact. No additional Work shall be performed until authorized, in writing, by [Beau Rivage].
>
> 13.3 The cost or credit to [Beau Rivage] from a change in the Work shall be determined by mutual agreement.

(Beau Rivage's 3d Mot. Summ. J. Ex. 1 at 9). This was the method through which Grillot could request compensation for unanticipated labor. Because the contract provided for the compensation of unanticipated labor, *quantum meruit* is not available as a matter of law.

UNJUST ENRICHMENT

As for the unjust enrichment claim, "where the law provides no remedy, equity may do so." *Joel v. Joel*, No. 2009-CA-474-SCT, 2010 Miss. LEXIS 330 at *1 (¶2) (Miss. July 1, 2010). "Unjust enrichment only applies to situations where there is no legal contract." *Powell v. Campbell*, 912 So. 2d 978, 982 (¶14) (Miss. 2005). Thus, if there is no legal contractual remedy, unjust enrichment may be available. *Joel*, at *10 (¶21); *Knight v. Miller*, 749 So. 2d 128, 133-34 (¶10) (Miss. 1999). For example, where a contract only provided for the sale of one-fourth of the mineral rights on a piece of property, "there was no legal contract for the remaining three-fourths (3/4) of the minerals under the tract at issue, and enlarging the grantee's interest would put his heir in possession of property which in good conscience and justice she should not retain." *Id.* For this claim, it is thus necessary for the Court to consider Beau Rivage's argument that the general contract expressly provides for debris removal from the barge tops under the Oyster Removal provision.

5

The general contract provides that the "Scope of the Work is attached hereto as Exhibit A." (Beau Rivage's 3d Mot. Summ. J. Ex. 1 at 1). Further, "the Scope of the Work includes Work not expressly indicated in the Contract Documents and the Report, but which is reasonably inferable from the Contract Documents, or consistent therewith." *Id.* at 2. "Exhibit A Contract Documents/Scope of Work" consist of Beau Rivage's Letter of Notification and Grillot's proposal. *Id.* at 15. The work is broken down into categories, one of which is "Oyster Removal," for $383,000. (Beau Rivage's 3d Mot. Summ. J. Ex. 1-A at 2, 5). The "Dredging and Oyster/Silt removal will be performed in accordance with requirements in the attached exhibit 'B' Beau Rivage Dredging Proposal submitted by Grillot Construction on January 12, 2006 and as noted in the dredging permit attached to the proposal." *Id.* at 3. Exhibit B is not attached, however, and Beau Rivage does not point to it. The contract states additionally that Phase 1 of the work is to:

> Remove oysters from the decks of the barges. This phase will utilize the scamp system for removal of oysters and marine growth without damaging the current paint. . . . This phase was covered in the dredging bid and the quoted prices are as follow[s]:
>
> Mobilization         $21,000
> Silt Curtain          37,000
> Oyster Removal       325,000
> Subtotal            $383,000

*Id.* at 5. The Oyster Removal provision refers to oysters, silt, marine growth, and a silt curtain. It does not refer to debris. Debris Removal is a separate provision for which a day rate of $9,100 applies. Beau Rivage denies that debris removal from the barge tops is contained under the Debris Removal portion of the contract. Beau Rivage does not argue that this particular debris comes under the "reasonably inferable" provision. Beau Rivage further denies that any change

6

order covered debris removal from the barge tops. Therefore, Beau Rivage has not shown it is entitled to summary dismissal of the unjust enrichment claim.

Beau Rivage nevertheless asks the Court to follow its prior order wherein it dismissed Seaward's unjust enrichment claim. Seaward and Beau Rivage agreed there was a valid subcontract that covered the issue, and neither one disputed the terms, unlike the present motions. Grillot argues that the debris removal on the barge tops is either covered under the Debris Removal provision, a change order was issued for the work, or the work was not covered at all. Beau Rivage argues that it is only provided for under the Oyster Removal provision, or if not, it was not covered at all by a change order. Thus, Beau Rivage alternatively argues that there is no legal contract, where it did not do so with Seaward. Because whether or not there is a legal contract is a live issue, the Court's prior order does not bind its present decision.

BREACH OF CONTRACT

To prove breach of contract, Grillot must prove by a preponderance of the evidence (1) the existence of a valid and enforceable contract between itself and Beau Rivage, (2) that it breached the contract, and (3) the breach caused Grillot to suffer monetary damages. *Warwick v. Matheney*, 603 So. 2d 330, 336 (Miss. 1992).

    A.    BREACH

Beau Rivage argues that it did not breach the contract by failing to pay for the debris removal on the top of the barges because the Debris Removal provision limited debris removal to below the mud line or underneath the northwest corner of Barge A. Grillot responds that the contract does not limit the location of the debris removal.

The Court will assume that the debris on the barge tops was not provided for in the

7

Debris Removal provision of the contract. As set out previously, this work was not covered in the Oyster Removal provision. Thus, if not in the Debris Removal Provision, the work would only covered by the contract if it is "reasonably inferable" in the scope of the contract or if there was a change order. Beau Rivage does not address the former issue and so has not demonstrated it is entitled to judgment as a matter of law on whether or not Beau Rivage breached the contract.

### B. DAMAGES

Beau Rivage argues that if it is liable for breach of contract, the damages do not include per diem rates. Grillot denies that it is seeking per diem rates under its breach of contract claim. This issue is moot.

### C. ACCORD AND SATISFACTION

Beau Rivage argues that it is entitled to summary judgment on its affirmative defense of accord and satisfaction.

Because accord and satisfaction is Beau Rivage's affirmative defense, Beau Rivage "must establish 'beyond all peradventure all of the essential elements of the . . . defense'" in order to obtain summary judgment. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). To prove accord and satisfaction, Beau Rivage must satisfy four elements:

> (1) something of value offered in full satisfaction of a demand; (2) accompanied by acts and declarations as amount to a condition that if the thing is accepted, it is accepted in satisfaction; (3) the party offered the thing of value is bound to understand that if he takes it, he takes subject to such conditions; and (4) the party actually does accept the item.

*Waggoner v. Williamson*, 8 So. 3d 147, 156 (¶18) (Miss. 2009).

Beau Rivage argues that it is entitled to accord and satisfaction because Beau Rivage paid all of the invoices Grillot submitted. In fact, it is undisputed that Beau Rivage rejected Pay

8

Application 5 to the extent that it sought payment for debris removal from the tops of the barges. Grillot's project manager Edwin Reardon testified that the debris removal line item was rejected by Beau Rivage's project manager Jeff Abel on the condition that more documentation proving the work was being done was needed. Reardon testified that Abel said he would also need to get the line item approved for payment and this would slow down payment for the undisputed items as well. Therefore, Payment Application 5 was amended to reflect only the undisputed items. Beau Rivage is not entitled to summary judgment on accord and satisfaction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Defendant Beau Rivage Resorts, Inc.'s Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment on Grillot Construction, LLC's Cross-Claims Against Beau Rivage [152] should be and is hereby **GRANTED** on the *quantum meruit* claim. The remainder is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 3rd day of August, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE